### 9339

REGENTS OF STATE HOSPITAL FOR INSANE v. SAWYER, COMPTROLLER GENERAL.

(88 S. E. 7.)

STATUTES—APPROPRIATIONS.—A bill, making appropriations for the Hospital for the Insane, carried in the House an item for rebuilding, which was stricken out by the Senate but was restored by the report of conference committee, which was adopted by both houses. *Held* that the appropriation was duly made.

Original application by the Regents of the State Hospital for the Insane of South Carolina, for writ of mandamus against Carlton W. Sawyer, Comptroller General. Writ issued.

*Mr. Solicitor Cobb,* for petitioner, cites: Const., art. IV, sec. 23; 61 Am. St. Rep. 549; 22 *Ib.* 638; 13 S. C. 46; 101 S. C. 48; 68 S. C. 411; 39 S. C. 307; distinguishes 99 S. C. 218 and 89.

*Messrs. Attorney General Peeples* and *Assistant Attorney General Dominick,* for respondent.

March 16, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

FOOTNOTE.—As to what constitutes an appropriation of public money within the constitutional provision relating thereto, see notes in 13 L. R. A. 169 and 222, 49 L. R. A. (N. S.) 97, and 35 A. & E. Ann. Cas. 1915a, 1240.

This is an application to the Court, in the exercise of its original jurisdiction, for a writ of mandamus directing the Comptroller General to issue his warrant on a fund in his hands, alleged by the petitioners to have been appropriated by the legislature for rebuilding the Hospital for the Insane. When the bill in question was sent by the House to the Senate, it contained two items under the caption, "State Hospital for the Insane." Item 1 provided for the maintenance of the hospital, salary of the superintendent, $5,000, and salaries of the regents, total $317,000. Item 2 provided for an appropriation for rebuilding the hospital, amounting to $100,000. The Senate adopted an amendment, increasing the salary of the superintendent to $6,000 and making the appropriation for maintenance and salaries $318,000. It also adopted an amendment striking out item 2 and substituting in lieu thereof, the following:

"In addition to the levies, above provided for, an additional tax of one-half mill upon all the taxable property in the State, is hereby levied, to provide for the payment of the development and repairs of the State Hospital for the Insane, in the city of Columbia and at State Park, as provided by the appropriation in this act: *Provided,* That any amount raised by this levy in excess of the amount herein appropriated for this purpose, shall be covered into the general fund of the treasury. The following sum is hereby appropriated: Item 1, for development and repairs to the State Hospital for the Insane, $150,000."

The House refused to concur in the amendments, and the matter was submitted to the committee of free conference, who made a report, recommending that the House concur in the Senate amendment in regard to the appropriation of $318,000 for maintenance and salaries; that the Senate recede from its amendment as to item 2; and that the following be added at the end of said item:

"Whereas, The General Assembly at the session of 1915, providing for rebuilding the State Hospital, by the levy of

one-half mill, and provided that the proceeds of said levy may be used for said rebuilding, during said year; and, whereas, the policy adopted then was for the purpose of providing $150,000 annually; and, whereas, the policy adopted then, was to continue said levy for the purpose of providing $150,000 annually for rebuilding for a period of four years: *Be it provided,* That the Governor, the Comptroller General and the State Treasurer be, and they are hereby, authorized, to borrow and pledge the credit of the State, for an amount not exceeding $50,000, in anticipation of taxes, if it be found by the regents, that it is necessary to expend for rebuilding, a sum greater than the amount of $100,000 herein appropriated, during the year 1916."

The report of the committee was adopted by both the Senate and House, and the amendments which they proposed were embodied in the act under consideration. The recapitulation of the various items of the appropriation in the act provides for an appropriation of $418,000 to the Hospital for the Insane.

It cannot be successfully contended that the Senate amendment struck out item 2, appropriating $100,000 for rebuilding the hospital, or that the act failed to make an appropriation for that purpose. The Senate amendment did not have the force and effect of changing the provisions of the bill in any respect whatever, but it was a mere proposal, which could only become effective in case it was accepted by the House. The House, however, refused to concur in the amendments, thus necessitating their submission to the committee of free conference. Furthermore, when the Senate receded from its proposed amendment, the effect was the same as if it had never been adopted by that body.

We proceed to construe the act, which contains the amendment recommended by the committee of free conference, and adopted by both houses. The last clause of the amendment, which is now a part of the act, is as follows:

*"Be it provided,* That the Governor, the Comptroller General and the State Treasurer be, and they are hereby authorized, to borrow and pledge the credit of the State for an amount, not exceeding $50,000, in anticipation of the collection of taxes, if it be found by the regents, that it is necessary to expend for rebuilding, a sum greater than the amount of $100,000, herein appropriated during the year 1916."

It contains two provisions, one being the appropriation of $100,000 for rebuilding the hospital, and the other authorizing the officials therein named to borrow and pledge the credit of the State for an amount not exceeding $50,000, in anticipation of the collection of taxes, if it should be found by the regents that a sum greater than $100,000 was necessary for rebuilding during the year 1916.

The recapitulation of the various items in the act, which provides for an appropriation of $418,000 to the Hospital for the Insane, also tends to show that it was the intention of the legislature to appropriate $318,000 for maintenance and salaries and $100,000 for rebuilding; otherwise the item in the recapitulation would have been only $318,000.

The petitioners are entitled to the relief for which they pray; and it is so adjudged.

MR. JUSTICE HYDRICK did not sit or participate in the consideration of this case.